# Reynolds *v.* Hunter, Robinson, Wenz Milling Company, Appellant.

*Contract—Sales—Telegram—Letter.*

In an action to recover damages for failure to deliver ten cars of "Huntleigh" bran it appeared that plaintiffs wired this offer: "Offer $21.25 a ton New York ten cars Huntleigh your option Sept. or Oct. delivery." In answer to this defendants wired "Your wire of 29th have booked ten cars Huntleigh our option Sept. or Oct. at $21.25 per ton offer ten cars season bran at $21 a ton and ten cars Sunshine bran at $22.50 subject to your immediate reply by wire." Subsequently defendants wrote as follows: "On June 29th you wired us an offer of $21.25 N. Y. on ten cars Huntleigh, our option of shipping during Sept., Oct. Wired you this morning booking these ten cars and in the same wire offered you ten cars season bran, our option spring-winter at $21, and ten cars season Sunshine at $22.50, New York basis. Hope to hear from you later in the day booking some of this stuff." *Held,* that telegram of defendants as explained by their letter constituted a flat offer by the plaintiffs for the purchase of ten cars of Huntleigh bran, and an acceptance thereof by the defendants.

Argued Dec. 15, 1915. Appeal, No. 339, Oct. T., 1915, by defendants, from order of C. P. No. 1, Philadelphia Co., March T., 1915, No. 523, making absolute rule for judgment for want of a sufficient affidavit of defense in case of William T. Reynolds, Clarence J. Reynolds and Harris S. Reynolds, trading as William T. Reynolds & Company v. Hunter, Robinson, Wenz Milling Company. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit for breach of contract to deliver ten car loads of Huntleigh bran.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*W. W. Pierson,* of *Pierson & Shertz,* with him˷*Clarence W. Callender,* for appellee.

*Arthur S. Minster,* for, appellee.

OPINION BY HEAD, J., October 9, 1916:

The plaintiffs claim the defendant accepted a written offer for the purchase of ten carloads of bran of the quality known to the trade as "Huntleigh," at the price of $21.25 per ton; that defendant thereafter neglected and refused to make deliveries in accordance with the offer and acceptance and that plaintiffs were thereupon compelled to go into the open market and buy the same at an advanced price of $753.00 on the ten carloads. This sum is sought to be recovered in the present action. On June 29th the plaintiffs wired a written offer in the language of a code, understood by the parties, which telegram, as the defendant itself translates the same, was as follows: "Offer $21.25 a ton New York ten cars Huntleigh your option September or October delivery." On July 1st defendant replied by a telegram in the same code which it thus translates in its affidavit: "Your wire of the 29th have booked ten cars Huntleigh our option September or October at $21.25 per ton offer ten cars season bran at $21 a ton and ten cars Sunshine bran at $22.50, subject to your immediate reply by wire." The plaintiffs contend this reply manifestly contained first of all an acceptance of the offer made for ten cars to be delivered in September or October at the option of the seller, and in addition an offer on the part of the latter to sell twenty more cars of other grades at the prices therein named.

The learned court below adopted this construction, and it appears to us was clearly right in so doing. We do not think, when the two telegrams are read together, there can be much room for doubt as to the meaning of the defendant's reply. But if there could be such doubt, it is altogether cleared up by the letter of the defendant written on the same day as its telegram and confirming the acceptance in the following language: "Dear Sir: On June 29th you wired us an offer of $21.25 N. Y. on 10 cars Huntleigh, our option of shipping during Sept., Oct. Wired you this morning booking these 10 cars, and in the same wire offered you 10 cars season bran, our option spring-winter at $21, and 10 cars season Sunshine at $22.50, New York basis. Hope to hear from you later in the day booking some of this stuff, &c. Yours truly, &c." We are of opinion therefore the pleadings disclose a flat offer by the plaintiffs for the purchase of ten cars at the price named and an acceptance thereof by the defendant.

We find no such specific averments in the affidavit as to fairly put in issue any fact concerning the subsequent purchase by the plaintiffs made necessary by this default, or that they actually paid the prices specified in the statement of claim, or that such prices were the fair market price at the time of the purchase. There are averments in the affidavit denying that "plaintiffs were compelled to buy and did buy, &c.," but these we do not regard as specific denials of the fact of the purchase. They are more fairly attributable to the defendant's conclusion it had never accepted the offer and therefore the plaintiffs were not compelled to buy at its expense. The order of the learned court below making absolute a rule for judgment was right.

Judgment affirmed.